RICHARD MONARCH *v.* S. M. DEAN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—757.]

**Enforcement of Landlord's Lien.**

When one without notice of a landlord's lien buys property at an execution sale conducted by the sheriff, the title passes to him and it becomes the sheriff's duty to pay to the landlord the rent or so much of it as the proceeds of the sale will pay, and where the sheriff fails to do so the landlord may by cross-petition against the sheriff and the tenant secure the proceeds of such sale to apply on his rent charges.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 1, 1882.

OPINION BY JUDGE HARGIS:

The Gen. Stats. (1881), Ch. 66, Art. 2, § 16, provides: "If the property be taken under execution or attachment, the officer shall, out of the proceeds of the property found upon the leased premises, and levied on or taken by him, make payment of the rent payable in money, due and to become due, for the year in which the levy is made, unless a bond of indemnity be executed." It was held by this court in the case of *Stone v. Bohm Bros. & Co.,* 79 Ky. 141, 2 Ky. L. 40, that the property being removed from the leased premises, and sold to an innocent purchaser before the expiration of fifteen days from the removal, the title passed to the purchaser and the landlord's lien could not be enforced against the property. The authorities were fully reviewed in that case and the principle then established is applicable to this case.

When the appellant, without notice of the landlord's lien, bought the horse at the execution sale conducted by the sheriff the title passed to him and it became the sheriff's duty to pay

to the appellee, Dean, the rent, or so much of it as the proceeds of the sale would extinguish. It was not, therefore, necessary, or proper, for the appellant to have made his answer a cross-petition against the execution plaintiff, Bosley, or the sheriff, Gates, as neither of them were responsible to him for the application of the proceeds of the sale. This defense was complete as to the proceedings instituted by Dean to enforce his lien for rent.

The cross-petition of Dean against the sheriff and Bosley should not have been dismissed, as he was entitled to the sum for which the horse was sold to appellant. The bond for the purchase-money having been taken payable to Bosley he was a proper party to Dean's cross-action, which in legal effect is the same as a rule and should be so treated. Besides, it is a proper supplemental pleading by which the proceeds of the property sold to the appellant may be brought into court.

The judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*Williams & Powers, for appellant.*

*J. A. Dean, for appellees.*